IN THE UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 161

| RICHARD SCALZO, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CONSENT PROTECTIVE ORDER |
| JAMES ETSON BRANDENBURG, | ) | |
| Defendant. | ) | |

**IT IS HEREBY STIPULATED BY THE PARTIES AND ORDERED BY THE COURT** as follows:

The Court finds that certain information sought to be produced during discovery in this action likely will represent or contain sensitive, confidential, or proprietary business information, or other confidential personal, financial, medical, educational, or personnel records, and/or technical or commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure. Accordingly, the Court finds good cause for entry of this Protective Order ("Protective Order"), *as amended*.

**IT IS THEREFORE ORDERED** as follows:

1. <u>Parties to the Protective Order</u>. The parties to this Protective Order are Plaintiff Richard Scalzo and Defendant James Etson Brandenburg

(collectively, the "Parties"). The Parties consent to this Protective Order through their counsel of record: Plaintiff, through Brian Gulden of Patla, Straus, Robinson & Moore, P.A. and Ann Schildhammer and Joseph Sullivan of Taylor English Duma LLP and Defendant, through Joseph P. McGuire and Murphy H. Fletcher of McGuire, Wood & Bissette, PA.

To the extent that any other person seeks access to information designated as confidential pursuant to this Protective Order, such person or such person's counsel must first execute the Agreement Concerning Protected Information attached as Exhibit 1 hereto ("Confidentiality Agreement"). Specifically, and without limiting the foregoing, if any party to the above-captioned litigation ("Litigation") who is not a Party to this Protective Order seeks access to information designated as confidential, seeks to attend a portion of any deposition at which confidential information is discussed or seeks to review any deposition exhibit containing confidential information, such party or its counsel must first execute the Confidentiality Agreement. As used herein, the term "Signatory" shall refer to any person who has executed the Confidentiality Agreement.

2. <u>Material Governed</u>. This Protective Order shall govern all discovery material produced or disclosed in this Litigation, including the following: documents (which shall have the broadest possible meaning and include information memorialized in any way, including in paper or electronic

format), data and information, answers to interrogatories, deposition transcripts, answers to deposition questions, responses to requests for admission, affidavits, and such other materials and information as may be provided by the Parties or other persons during the course of discovery in this Litigation, including pages of documents or divisible parts of other materials.

3. "Confidential Information." For purposes of this Protective Order, "Confidential Information" means information in any form, including those described in paragraph 2, that is disclosed and designated in accordance with the procedures set forth in this Protective Order and that reflects or contains: personal financial information, e.g., salary information, account statements, and tax returns and related schedules and supporting documents; and business, financial, or economic information that would ordinarily be maintained in confidence, where the disclosing person has taken appropriate efforts to maintain the confidentiality of such information or the party is otherwise required to keep such information confidential by agreement or law. The designation of material as Confidential Information shall be deemed effective, subject to the provisions of paragraph 17.

4. Public Information. No document or other material that is or becomes available to the public, other than through a violation of this Protective Order, shall be considered Confidential Information.

5. <u>Uses</u>. Confidential Information appearing in any form, including those described in paragraph 2, may not be disclosed to any person except as permitted in paragraph 13 or as otherwise ordered by the Court. Confidential Information produced in this Litigation is to be used solely for purposes of this Litigation (e.g., preparing for trial, for use at trial, and preparing for any appeal of this Litigation) and shall not be used in any other litigation, or for any business or other purpose whatsoever. By their signatures below, undersigned counsel specifically agree and represent that they and their clients will not provide such information or documents to anyone who is not a Party or a Signatory, including but not limited to posting (either directly or indirectly) any Confidential Information on any website that is accessible to anyone who is not a Party or a Signatory.

6. <u>Designation of Information as "CONFIDENTIAL."</u> A Party or other person may, in the exercise of good faith, designate any material as Confidential Information pursuant to this Protective Order. Documents, responses to interrogatories, responses to requests for admission, exhibits, and other material may be designated as containing Confidential Information by stamping the word "CONFIDENTIAL" on each page or medium containing the material or data sought to be protected, such that the material or data appearing on the page is not obscured. Upon request of counsel for any Party to this Litigation, the designating person shall promptly and precisely identify

the Confidential Information on a page stamped "CONFIDENTIAL." Material produced or used in a non-hard copy format (e.g., a native format, such as an Excel spreadsheet file or Word document file) may be designated as containing Confidential Information by stamping the word "CONFIDENTIAL" on any compact disc containing such material and/or by otherwise conspicuously indicating, as appropriate for the type of electronic material at issue, that such material is "CONFIDENTIAL" (e.g., by including the word "CONFIDENTIAL" in the name of the electronic file).

7. <u>Documents Produced for Inspections</u>. For purposes of disclosing documents for inspection, the disclosing person may refrain from designating specific documents as Confidential Information until after the inspecting person has selected specific documents and/or materials for copying. In this event, the disclosing person shall announce in writing prior to producing the documents or material for inspection that all such documents and material should be considered Confidential Information for the purposes of the inspection. After the inspecting person selects specified documents and material for copying but before the production of such copies, the disclosing person shall designate any Confidential Information contained in such material.

8. <u>Deposition Designations in General</u>. All oral deposition testimony, regardless of whether the testimony was designated as Confidential

Information on the record, shall be treated as Confidential Information and subject to this Protective Order for fourteen (14) days after counsel for each of the Parties has received the transcript of the deposition.

9. <u>Designations During the Deposition</u>. Any person may, on the record at the deposition, designate portions of oral testimony, or the testimony in its entirety, as Confidential Information. In the event that any question is asked at a deposition with respect to which it is asserted, on the record, that the answer requires the disclosure of Confidential Information, the question shall nonetheless be answered by the witness fully and completely. Before the witness answers, however, all persons present who are not otherwise bound by this Protective Order shall be required to sign or otherwise indicate on the record their agreement to the Confidentiality Agreement. If any such person, other than the witness, declines to do so, that person shall leave the room during the time in which Confidential Information is disclosed or discussed. When any document or other material designated as Confidential Information is introduced as an exhibit, counsel introducing such exhibit shall advise the court reporter that the exhibit is Confidential Information pursuant to this Protective Order. All persons present at the deposition during the discussion of such exhibit shall be either a Party or a Signatory or shall otherwise evidence their agreement to the Confidentiality Agreement. No deposition exhibit marked as Confidential Information shall be provided to any person

who is not a Party or Signatory or who did not otherwise evidence his or her agreement to the Confidentiality Agreement. The fact that a Party has not objected to designation of all or any portion of the deposition transcript as Confidential Information during the deposition itself does not waive such Party's right to seek release of that transcript from the terms and provisions of this Protective Order pursuant to paragraph 17.

10. <u>Designations after the Deposition</u>. Alternatively, counsel for the designating party may designate an entire transcript or designate specific pages and lines of the transcript or video recording of the deposition as Confidential Information by notifying counsel for the Parties and other attendees of the deposition in writing within fourteen (14) calendar days of receipt of the transcript or video recording of such deposition. If within fourteen (14) calendar days of receipt of the transcript or video recording of such deposition no person timely designates the transcript or recording, or any portion thereof, as Confidential Information, then the transcript and any recording shall not thereafter be subject to this Protective Order. Deposition exhibits that are marked as "CONFIDENTIAL" will continue to be protected without further designation, and the continued protection of such exhibits will not be dependent upon the transcript, or any portion thereof, being designated as Confidential Information. A separately bound transcript of those portions of the deposition testimony and exhibits that are designated as Confidential

Information shall be made and the cover shall be marked with the "CONFIDENTIAL" designation. If any portion of any transcript so marked is required to be filed with the Court, it shall be filed using the procedures set forth in paragraph 21.

11. <u>Restrictions on Disclosure</u>. No Confidential Information shall be disclosed to any persons other than those Authorized Persons identified in paragraph 13, who may use such information only for the purposes described in paragraph 5. Nothing in this Protective Order, however, shall prevent disclosure beyond the terms of this Protective Order if the person designating the information consents in writing prior to such disclosure, or if the Court orders such disclosure. Nothing in this Protective Order shall be construed as a restriction on the use or disclosure of information by the person who supplied the information, or otherwise limit the ability of a person to publicly disclose its own Confidential Information.

12. <u>Authorized Persons</u>. Except as agreed to in writing by the designating person (or its counsel) or as otherwise provided by this Protective Order, and only after compliance with the procedures set forth herein, access to Confidential Information shall be restricted to the following persons:

a. The Court and Court personnel;

b. The Parties to this Litigation;

c.  The Parties' counsel, along with associated attorneys in their law firms and law clerks, paralegals, clerical staff, and other staff employed by such law firms, provided that such persons orally agree to abide by the terms and provisions of this Protective Order;

d.  Independent consulting or testifying expert witnesses or trial consultants, including their staff, retained by the Parties in connection with this case, provided that such persons sign the Confidentiality Agreement;

e.  The officer or court reporter taking, reporting, recording, transcribing, or videotaping deposition or other testimony in this action, and employees of such officers or court reporters to the extent necessary to prepare the transcript of the deposition; and

f.  Any other person who is subsequently designated either by written agreement by the Parties or by Order of the Court and who has signed the Confidentiality Agreement.

Each person described above to whom Confidential Information is delivered shall maintain the confidentiality of the document and/or information. In the event that any person subject to this Protective Order shall cease to be involved in this Litigation, such person's access to the Confidential Information shall be terminated and such person shall either promptly return such Confidential Information to the person who designated it or destroy such information, providing a written confirmation of such destruction to the person who designated it. Any person who has agreed to be bound by this Protective Order will continue to be bound even if no longer involved in this Litigation.

13. <u>Safe-Keeping of Confidential Information</u>.    The recipient of any Confidential Information disclosed pursuant to this Protective Order shall

maintain it in a secure area and shall exercise due and proper care to protect its confidentiality.

14. <u>Inadvertent Disclosure of Confidential Information by Designating Person</u>. Failure to designate or stamp information as "CONFIDENTIAL" at the time of its production shall not constitute a waiver of protection of such Confidential Information, provided that the disclosing person or such person's counsel promptly notifies all receiving persons upon realizing the failure, but in no event more than thirty (30) calendar days from the date of production. Any person who is notified that Confidential Information has been inadvertently produced shall treat the information as subject to this Protective Order unless and until the Court determines that such designation does not apply. Such receiving person shall make reasonable efforts to notify all other persons to whom it has provided the Confidential Information that such material shall be treated and handled in accordance with this Protective Order. However, the receiving person shall not be in violation of this Protective Order for any disclosure of information made prior to receiving such notice.

15. <u>Disclosure of "CONFIDENTIAL" Information by Receiving Party</u>. If a Party or other person receiving "CONFIDENTIAL" Information learns that, by inadvertence or otherwise, it has disclosed such information under circumstances not authorized under this Protective Order, such receiving

Party or person shall immediately (i) notify in writing the person who designated the information as "CONFIDENTIAL" of the unauthorized disclosures; (ii) use its best efforts to retrieve all copies of the "CONFIDENTIAL" information; and (iii) inform the person or persons to whom unauthorized disclosure was made of all the terms of this Protective Order.

16. <u>Objections to Designations</u>. Counsel for any Party may at any time object to the designation of any material as Confidential Information and seek the release of such material from the terms and provisions of this Protective Order by making such request in writing to the person who designated such material as Confidential Information. Upon making such a request, the Party requesting the release shall initiate a "meet and confer" among all Parties to this Protective Order and the person who designated the material as Confidential Information. If the Parties and the designating person are unable to agree as to whether the material at issue is properly designated Confidential Information, the Party requesting the release may, within 30 days of the "meet and confer" session, file a motion challenging such designation with the Court. Upon filing such a motion, pending a ruling from the Court, information originally designated as Confidential Information shall be subject to this Protective Order until the Court rules otherwise.

17. <u>Notification of Subpoenas</u>. In the event that any person who receives or is in possession of Confidential Information subsequently receives

from anyone who is not bound by this Protective Order any subpoena or other compulsory request seeking the production or other disclosure of such Confidential Information, that person shall immediately notify in writing the person who designated the material as Confidential Information, specifying the material sought and enclosing a copy of the subpoena or other form of compulsory process in order to permit the designating person the opportunity to intervene and seek to prohibit the disclosure of the material. Where possible, at least ten (10) calendar days' notice shall be given prior to the production or disclosure sought to be compelled. Unless otherwise ordered by a court or other tribunal with appropriate jurisdiction, in no event shall any person produce or disclose Confidential Information before notice is given to the person who designated such material as Confidential Information.

18. <u>Third Parties</u>. Any person, even if not a Party to this Litigation, who produces information pursuant to subpoena, other legal process or otherwise may designate such material as Confidential Information pursuant to this Protective Order.

19. <u>Newly Added Parties</u>. In the event that additional parties are named in this Litigation, neither they nor their counsel shall have access to Confidential Information until this Protective Order has been amended, with the Court's approval, to govern such additional parties and counsel, and until

such additional parties and their counsel have signed the Confidentiality Agreement.

20. <u>Filing with the Court</u>. No Party or other person shall file any materials that contain Confidential Information with the Court unless filing those materials is relevant to an issue before the Court. If a party desires to file materials containing Confidential Information with the Court or to reference or quote Confidential Information in any filing, counsel will perform a document-specific, good faith examination of the Confidential Information to be filed under seal to ensure that it meets the legal and factual criteria for such treatment. If the Confidential Information meets the legal and factual criteria for filing under seal, counsel for the Party or person seeking to file, reference or quote Confidential Information shall comply with the local rules and other authority governing the filing of material under seal in this District. For any filing or portion thereof submitted under seal pursuant to this Protective Order, the filing person shall file a redacted version that does not reflect Confidential Information such that the redacted filing is publicly available on the Court's CM/ECF docket.

21. <u>No Waiver</u>. By consenting to this Protective Order, no Party waives any right it may have to dispute any person's designation of Confidential Information. Further, by not challenging the designation of any material as Confidential Information, no Party waives any right it may have

to challenge the use, admissibility, or authenticity of such material for any other reason.

22. <u>Use at Trial</u>. Either Party may move ~~this Court~~ for an order that the evidence at trial be received in such a way as to prevent unnecessary disclosure consistent with applicable law. Absent such additional order ~~of this Court~~, all parties are entitled to use Confidential Information as evidence during trial without restriction, *as may be allowed by the presiding District Judge.* The Parties shall have the right to request that any hearing or portions of any hearing involving the use or presentation of Confidential Information be conducted in camera.

23. <u>Conclusion of Litigation</u>. At the conclusion of this Litigation, the ultimate disposition of documents, files, or other material that contains or reflects Confidential Information shall be subject to a final order of the Court.

24. <u>Survival</u>. The terms and conditions of this Protective Order shall remain in full force and effect, shall survive the final resolution of this Litigation and shall be binding on all Parties and Signatories unless the Protective Order is terminated or modified in writing by the Court. Each person subject to this Protective Order shall continue to be subject to the jurisdiction of this Court, for the purposes of this Protective Order, in perpetuity, and the Court will retain jurisdiction to enforce the terms of this Protective Order following termination of this Litigation, the filing of a notice

of appeal or any other pleading which would have the effect of divesting this Court of jurisdiction of this matter generally.

25. <u>Modification or Termination</u>. The entry of this Protective Order shall be without prejudice to the rights of any person to apply for additional or different protection where it is deemed appropriate. This Order is subject to modification or termination by the Court upon showing of good cause.

26. <u>Notices</u>. All notices required or permitted to be provided by this Protective Order shall be made by email. In the event that notification by email is impracticable, a notice shall be made by either (i) hand-delivery of the notice to counsel of record in person; or (ii) sending the notice by a courier for overnight delivery to counsel of record.

Signed: October 6, 2019

W. Carleton Metcalf
United States Magistrate Judge

STIPULATED AND AGREED:

TAYLOR ENGLISH DUMA LLP

/s/ Joseph C. Sullivan
Ann R. Schildhammer, Esq.
Admitted Pro Hac Vice
Joseph C. Sullivan, Esq.
Admitted Pro Hac Vice
1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Telephone: (770) 434-6868
Fax: (770) 434-7376
E-mail: aschildhammer@taylorenglish.com
E-mail: jsullivan@taylorenglish.com

*Attorneys for Plaintiff*


PATLA, STRAUS, ROBINSON & MOORE

/s/ Brian D. Gulden
Brian D. Gulden, Esq. (NCSB # 29243)
29 North Market Street, Suite 300
Asheville, North Carolina 28802
Telephone: (828) 255-7641
Fax: (828) 258-9222
E-mail: bdg@psrmlaw.com

*Local Counsel for Plaintiff*


McGUIRE, WOOD & BISSETTE, PA

/s/ Joseph P. McGuire
Joseph P. McGuire, Esq. (NCSB # 6739)
Murphy H. Fletcher, Esq. (NCSB # 44471)
Drhumor Building, 48 Patton Avenue
Asheville, NC 28801
Telephone: (828) 254-8800
Fax: (828) 252-2437

E-mail: jmcguire@mwblawyers.com
E-mail: mfletcher@mwblawyers.com

*Attorneys for Defendant*

EXHIBIT 1: Agreement Concerning Protected Information

# IN THE UNITED STATES DISTRICT COURT
# IN THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| RICHARD SCAZO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO. 1:19-cv-0161 |
| v. | ) |
| | ) |
| JAMES ETSON BRANDENBURG, | ) |
| | ) |
| Defendant. | ) |

## CONSENT PROTECTIVE ORDER ON CONFIDENTIALITY AND PROSPECTIVE SEALING ORDER FED. R. CIV. P. 26(c)

The undersigned acknowledges that he/she has been given access to certain documents or testimony covered by the Consent Protective Order on Confidentiality and Prospective Sealing Order ("Protective Order") in this case, that he/she has read, understands, and agrees to be bound by the terms and conditions of the Protective Order, that he/she consents to the jurisdiction of the United States District Court for the Western District of North Carolina for purposes of enforcing this Protective Order, and that he/she has been designated as an Authorized Person under the terms of this Protective Order. The undersigned further understands that the Protective Order prohibits

him/her from disclosing or discussing the contents of any document or other material designated in accordance with the Protective Order to or with any person other than those individuals identified in the Protective Order. The undersigned further understands that his/her use of such documents or material is limited to those uses authorized by the Protective Order.

        _____ SIGNATURE
        _____ PRINTED NAME
        _____ DATE