IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:19-cv-00161-MR-WCM

| | |
|---|---|
| RICHARD SCALZO, ) ) Plaintiff, ) ) vs. ) ) JAMES ETSON BRANDENBURG, ) ) Defendant. ) _____ ) | **ORDER** |

**THIS MATTER** comes before the Court on the Plaintiff Richard Scalzo's Motion for Summary Judgment [Doc. 24] and the Defendant James Etson Brandenburg's Response thereto [Doc. 27].

This is an action for declaratory judgment brought by the Plaintiff Richard Scalzo, the former President and principal shareholder of Gaia Herbs, Inc. ("Gaia"), against the Defendant James Etson Brandenburg, Gaia's former Chief Financial Officer and a member of its Board of Directors. [Doc. 1-1]. Specifically, the Plaintiff seeks a declaration regarding the parties' obligations under a Stock Appreciation Rights Agreement executed by the Plaintiff and the Defendant. [Id.]. The Defendant has asserted a counterclaim for breach of contract. [Doc. 4].

The Plaintiff now seeks summary judgment on the Defendant's counterclaim. [Doc. 24]. In his Response to the Plaintiff's Motion for Summary Judgment, the Defendant states that there is currently pending a motion to compel discovery against the Plaintiff. Additionally, the Defendant states that he is awaiting a response from Gaia to a subpoena served by the Defendant. [Doc. 27 at 24]. As explained in the Defendant's Affidavit, the requested discovery is necessary for him to prove the occurrence of a "Payment Event" within the meaning of the parties' contract and to prove the amount of damages to which he is purportedly entitled. [See Doc. 27-1 at ¶ 37]. The Defendant therefore requests pursuant to Rule 56(d) of the Federal Rules of Civil Procedure that the Court deny the Plaintiff's Motion for Summary Judgment at least until the Plaintiff has fully responded to the Defendant's discovery requests. The Court notes that the discovery period in this case ends on March 8, 2020. Upon consideration of the Defendant's Response, and for the reasons stated therein, the Court concludes that it would be appropriate to deny the Plaintiff's Motion for Summary Judgment without prejudice to renewal after the close of discovery in this case.

The arguments and materials submitted by the Defendant in opposition to the Plaintiff's motion for summary judgment cause the Court to question whether Gaia is a necessary party to this action. The Plaintiff argues that

the Defendant violated a provision in the contract and forfeited his right to those units by working for one of Gaia's competitor within two years of working there. [Doc. 25 at 2]. The Defendant counters that he is entitled to those stock units because the forfeiture provision is unenforceable. [Doc. 27 at 1]. According to the Defendant, however, the Plaintiff no longer serves as President of Gaia and no longer owns any units of Gaia stock. [Doc. 27 at 2; Doc. 27-1 at 2]. The Defendant argues that because the Plaintiff no longer works at Gaia or owns any of its stock, any harm caused by the Defendant's violation of the forfeiture provision is directed at Gaia, not the Plaintiff. [Doc. 27 at 8]. The Defendant also argues that the forfeiture provision in the contract is designed to protect Gaia's interests, not the Plaintiff's, which should factor into the Court's unconscionability analysis. [Id.].

Rule 19 of the Federal Rules of Civil Procedure states that "[a] party must be joined if they are subject to service of process and . . . joinder will not deprive the court of subject-matter jurisdiction" if "in that person's absence, the court cannot accord complete relief among existing parties" or "that person claims an interest relating to the subject of the action and . . . disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest [or] . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise

3

inconsistent obligations because of the interest." Fed. R. Civ. Pro. 19(a). Failure to join such a necessary party may lead the Court to dismiss the action. Id. at 19(b). The Defendant's argument raises the question of whether Gaia is a necessary party to this action.[1] Accordingly, the Court will require the parties to file supplemental briefs on this issue.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 24] is **DENIED WITHOUT PREJUDICE** to renewal after the close of discovery in this case.

**IT IS FURTHER ORDERED** that the parties shall submit supplemental briefing to the Court on the issue of whether Gaia is a necessary party to this action within the meaning of Rule 19 of the Federal Rules of Civil Procedure. Specifically, the parties' briefing should address whether Gaia's interests are sufficiently represented by the Plaintiff and whether the Court can accord complete relief among the existing parties in Gaia's absence given that the Plaintiff no longer works for Gaia or owns any Gaia stock. The Plaintiff and the Defendant shall have through and including **January 31, 2020** to file their

---

[1] If the Plaintiff no longer holds the shares in question, this also gives rise to the issue of whether the Plaintiff is necessarily the real party in interest with regard to the Plaintiff's claim. But that issue is not presently before the Court, since only the merits of the counterclaim have been challenged.

supplementals brief on this issue.  Neither supplemental brief shall exceed ten (10) pages.

**IT IS SO ORDERED.**

Signed: January 10, 2020

Martin Reidinger
United States District Judge