IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:19 CV 161 MR WCM

| | | |
|---|---|---|
| RICHARD SCALZO | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES ETSON BRANDENBURG, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on Defendant's Motion to Compel Discovery (the "Motion," Doc. 22). Plaintiff has filed a response in opposition and Defendant has filed a reply. Docs. 26 & 28.

On January 13, 2020, the undersigned conducted a hearing on the Motion. Attorneys Joseph McGuire and Murphy Fletcher appeared for Defendant and attorneys Brian D. Gulden and Joseph Sullivan appeared for Plaintiff.

I.    Background Relevant to the Motion

On May 2, 2019, Plaintiff filed a Complaint for Declaratory Judgment (the "Complaint") seeking a declaration of the parties' rights pursuant to a Stock Appreciation Rights Agreement ("SAR Agreement"). Under the SAR Agreement, and upon a "payment event," Defendant was to receive payment

for Defendant's interest in "Units," which were defined as stock appreciation rights based on shares of common stock in Gaia Herbs, Inc. ("Gaia"). Doc. 1-1.[1]

Defendant's rights, however, were subject to termination under the following provision:

> (c) If the Original Employee ceases to be employed by the Company at any time for any reason or no reason and such Employee, within two years of such Employee's employment with the Company, (i) becomes employed by, engaged by (in any capacity, including as a consultant) or otherwise associated with a Competitor (as defined below), (ii) owns, directly or indirectly, any interest in a Competitor, or (iii) induces or attempts to persuade any client, customer or supplier to terminate or materially reduce its business with the Company or induces or attempts to persuade any officer, employee or consultant of the Company to resign or sever a relationship with the Company, then all of such Employee's rights and interests to all Units, whether vested or unvested, and in this Agreement shall automatically expire and terminate. "Competitor" shall mean any individual, corporation, partnership, limited liability company, joint venture or other entity conducting business in the United States that is similar to, or in direct or indirect competition with, the business of the Company.

> SAR Agreement at ¶ 7(c).

The SAR Agreement stated that all determinations relative to this Section "shall be made by [Plaintiff], whose decisions will be final and binding." Id. at ¶ 7(e).

---

[1] The suit was removed to this Court on May 24, 2019. Doc. 1.

Plaintiff contends that Defendant accepted employment with a competitor of Gaia, that Defendant thereby forfeited his rights under the SAR Agreement, and that Plaintiff had the sole the discretion to determine that Defendant's rights had been forfeited in this manner.

Defendant has counterclaimed, alleging that he resigned from Gaia due to Plaintiff's harassment of him, that Section 7(c) of the SAR Agreement is unenforceable, and that Plaintiff's determination that Defendant forfeited his stock appreciation rights was done maliciously and in bad faith. Doc. 4.

## II.    Motion to Compel

### A. Legal Standards

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." This determination is to be made "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

A district court has broad discretion in managing discovery, Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995), including the "discretion to determine whether discovery is relevant to a

party's claim or defense," <u>Serum Source Int'l, Inc. v. GE Healthcare Bio-Sciences Corp.</u>, No. 3:16CV471, 2017 WL 915132, at *1 (W.D.N.C. Mar. 8, 2017) (citing <u>Watson v. Lowcountry Red Cross</u>, 974 F.2d 482, 489 (4th Cir. 1992)).

## B. Discussion

The instant Motion seeks an Order compelling Plaintiff to respond to the following Requests for Production:

> Request for Production 6: All e-mails, correspondence, reports, memos and other documents since January 1, 2014 that reference or relate to any claim(s) that Plaintiff harassed any employee of Gaia Herbs, Inc.

> Request for Production 10: All e-mails, correspondence, reports, memos and other documents that reference or relate to the termination of Plaintiff's employment with Gaia Herbs, Inc. and/or the removal of Plaintiff from serving as Chief Executive Officer of Gaia Herbs, Inc.

> Request for Production 16: All agreements entered into between Plaintiff and Gaia Herbs, Inc., whether or not there were additional parties to any such agreement.

Defendant argues that the information sought in Requests 6 and 10 is discoverable for various reasons, including that it goes to Plaintiff's credibility as well as his bias, motive, intent, and/or bad faith in denying Defendant's claim to his rights under the SAR Agreement. Defendant asserts that the documents sought in Request 16 are relevant to multiple issues, including whether there was a "payment event," the amount of Defendant's potential damages, and whether Gaia should be made a party.

Plaintiff objects to each Request, primarily on relevancy grounds. He also contends that he has no custody or control over documents held by Gaia, which is his former employer.

Under North Carolina law, the elements of a breach of contract claim are "(1) existence of a valid contract and (2) breach of the terms of that contract." Supplee v. Miller-Mottee Bus. College Inc., 239 N.C.App. 208, 216, 768 S.E.2d 582, 590 (2015). Further, some North Carolina authorities indicate that "where a contract confers on one party a discretionary power affecting the rights of the other, this discretion must be exercised in a reasonable manner based upon good faith and fair play." Mezzanotte v. Freeland, 20 N.C. App. 11, 17, 200 S.E.2d 410, 414 (1973).

Here, Plaintiff correctly points out that this matter includes contract-related claims only. However, the operative provisions of the SAR Agreement appear to give Plaintiff significant discretionary authority, Plaintiff relies on that authority in arguing that he "is the sole arbiter of any and all determinations concerning whether Defendant has breached the terms of the Forfeiture Provision" in the SAR Agreement, Doc. 1-1, ¶ 31, and Defendant alleges that Plaintiff's determination under the forfeiture provision of the SAR Agreement and his refusal to pay Defendant "were a result of Plaintiff's bad faith and malice toward Defendant." Doc. 4, ¶ 41.

In these circumstances, and in view of the authority cited above and the general principles of discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Motion will be allowed in part. The undersigned, however, does not find that expenses should be awarded to either party in relation to the Motion. Fed. R. Civ. P. 37(c).

## III.    Additional Matters

On the day of the hearing, Defendant filed a group of documents that had been received from Gaia in response to a subpoena issued by Defendant. Doc. 31. Counsel for Plaintiff advised that he had not had an opportunity to review the materials. Counsel for Defendant also advised that Gaia had objected to the filing on confidentiality grounds. Consequently, the filing will be stricken. This ruling, however, will be without prejudice. The parties are not prohibited from submitting the documents in connection with future filings, provided that such filings, to the extent they include information requested to be placed under seal, are made in conformity with the Consent Protective Order that has been entered in this case (Doc. 21) and the Local Rules.

At the end of the argument, Defendant also made an oral motion that the Court hold its ruling on the Motion to Compel in abeyance pending additional submissions by Defendant. The Court declines, however, as it finds that sufficient information concerning the Motion to Compel has been

submitted through the parties' briefing and oral arguments.

**IT IS THEREFORE ORDERED THAT:**

1. Defendant's Motion to Compel Discovery (Doc. 22) is **GRANTED IN PART** as follows:

    a. With respect to Request for Production 6: Plaintiff shall produce all e-mails, correspondence, reports, memos and other documents since January 1, 2014 that reference or relate to any claim(s) that Plaintiff harassed: (1) Defendant; or (2) any employee of Gaia who had a SAR Agreement with Plaintiff that included a termination provision similar to the one at issue in this case and for whom Plaintiff determined that the employee's rights and interests under his or her SAR Agreement had been forfeited or terminated.

    b. With respect to Request for Production 10: Plaintiff shall produce all e-mails, correspondence, reports, memos and other documents since January 1, 2015[2] that reference or relate to the termination of Plaintiff's employment with Gaia Herbs, Inc. and/or the removal of Plaintiff from serving as Chief Executive Officer of Gaia Herbs, Inc. to the extent such materials

---

[2] During the hearing, counsel agreed for the time period covered by Requests for Production 10 and 16 to be limited to January 1, 2015 forward.

reference or relate to Defendant.

c. With respect to Request for Production 16: Plaintiff shall produce any agreements between Plaintiff and Gaia and/or third parties since January 1, 2015 to the extent such agreements relate to Defendant or Defendant's SAR Agreement.

2. Except as allowed, the Motion to Compel is **DENIED**.

3. The documents to be produced as ordered herein shall be produced by Plaintiff within twenty-one (21) days of this Order.

4. Defendant's filing of "Documents Subpoenaed from Gaia Herbs, Inc. by Defendant" (Doc. 31) is **STRICKEN WITHOUT PREJUDICE,** as described above.

5. Defendant's oral motion that a ruling on the Motion to Compel by held in abeyance is **DENIED.**

Signed: January 14, 2020

W. Carleton Metcalf
United States Magistrate Judge