# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:19-cv-00161-MR-WCM

| | |
|---|---|
| RICHARD SCALZO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| JAMES ETSON BRANDENBURG, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the parties' Joint Motion for Leave to Submit Document for In Camera Review and Filing under Seal [Doc. 35] and on the parties' supplemental filings [Docs. 37, 38, 39].

On January 10, 2020, the Court entered an Order giving the parties until January 31, 2020, to file supplemental briefing on the issue of whether Gaia Herbs, Inc. ("Gaia") is a necessary part to this action. [Doc. 30]. The parties submitted supplemental briefing on January 31, 2020, in which they concur that Gaia is not a necessary party to this action. [Doc. 39]. Upon review of the parties' submissions, the Court concludes that Gaia is not a necessary party to this action within the meaning of Rule 19 of the Federal Rules of Civil Procedure. Therefore, this case shall be allowed to proceed in its usual course.

In conjunction with these supplemental filings, the parties move to file under seal a letter agreement relating to Gaia's redemption of the Plaintiff's shares in Gaia. [Doc. 35].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents

and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion. The motion was filed on January 30, 2020, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that this letter agreement contains confidential and proprietary business information related to the potential redemption of Gaia stock owned by the Plaintiff, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the letter agreement, the Court concludes that the sealing of this document is narrowly tailored to serve the interest of protecting the confidential and sensitive business information contained therein.

**IT IS THEREFORE ORDERED** that the parties' Joint Motion for Leave to Submit Document for In Camera Review and Filing under Seal [Doc. 35] is **GRANTED**, and the letter agreement filed in support of the parties' supplemental filings [Doc. 38] shall be filed under seal until further Order of this Court.

**IT IS SO ORDERED.**

Signed: February 4, 2020

Martin Reidinger
United States District Judge